IN COURT OF CRIMINAL APPEALS
OF TEXAS AT AUSTIN

NO. 14-14-00263-CR
PD-0888-15

RECEIVED IN
COURT OF CRIMINAL APPEALS

DEC 14 2015

Abel Acosta, Clerk

J.F.L.

HICKS, LEONARD CHARLES
V.
THE STATE OF TEXAS

ON MOTION FOR REHEARING EN BANC RECONSIDERATION

FROM THE COURT OF CRIMINAL APPEALS DECISION RENDERED ON NOV 04, 2015, RECEIVED NOV 10, 2015 BY MAIL. TR. Ct. NO. 1373854, CoA NO. 14-00263-CR. PD-0888-15 FOR THE OFFENSE OF AGGRAVATED SEXUAL ASSAULT OF A CHILD (TEANNIA HICKS) UNKNOWN DATE OF OFFENSE!

APPELLANT'S REQUEST TO FILE EN BANC RECONSIDERATION, BY THE FULL COURT. With both REBRIEFING AND ORAL ARGUMENT, SEE TRAP 49.(1)(2)(3), TRAP. 49.7, 49.8

CLEARLY ERRONEOUS

THE COURT OF CRIMINAL APPEALS FINDINGS ARE AN ABUSE OF DISCRETION

APPELLANTS 7th AMENDMENT Rights VIOLATED, which "REQUIRES that the JURY BE ALLOWED to make

FILED DEC 04, 2015 PM, 1 OF 15

1 OF 15

REASONABLE INFERENCES FROM FACTS PROVEN IN EVIDENCE. having A REASONABLE tENdENCY to SuStain them"

Galloway V. U.S. 319 U.S. 372, 396, 63 S.Ct. 1077( 1943); Accord, Anderson V. Liberty Lobby, INC, 477 U.S. 242, 255, 106 S.Ct. 2505 (1986) "Credibility determinations, the weighing of the evidence, And the drawing of Legitimate inFerences FROM the FActs Are Jury FunctioNs, Not those oF A Judge".

Tennant V. Peoria & P.U.R. Co, 321 U.S. 29, 35, 64 S. Ct. 409 (1944) "The VeRy essence oF "THe JURy's" FunctioN IS to Select FROM AmouNg Conflicting INFerences And Conclusions that which it Considers most REASONAble."

APPellant Pleaded Not guilty. Which IN Fact, IS A Actual INNOCENT Claim. See Schlup V DeLo, 513 U.S. 298, 327, 115 S.Ct. 851 (1985)

IN THIS CASe, THe STATe Could Not even gIVe A date of THe OFFENSe OF Aggravated Sexual ASSault OF Teannia Hicks! And to THIS "date" No oNe HAve gAve APPellant THe RePorter's Record oN APPeal. Both Trial AttoRNey, MR. KennEth McCoy And MR. MichAel P. FosheR ReFuse to ISSum APPellant the RePorter's Record oF APPellant Trial.

2 OF 15

AS STATED, THE STATE HAS YET to PRESENT A date OF OFFENSE OF THIS CRIME!

THERE WAS NO SCIENTIFIC EVIDENCE, PHYSICAL EVIDENCE ARE TRUSTWORTHY EYE WITNESS ACCOUNTS, No MEDICAL FORENSIC PROOF that SUPPORT AN INFERENCE OF GUILT, THERE NEVER WAS ANY CRIME SCENE! But IN thIS CASE, THE Victim, MY DAUGHTER, TEANNIA HICKS, TESTIFIED That the SEXUAL ASSAULT, WITH NO ALLEGED OFFENSE Never HAPPEN AT ANY TIME (R.R. IV-123) (RR IV-123), (R.R. IV-124) IN Re WINISHIP, 397 U.S. 358, 371, 90 S.Ct. 1068 (1970)

U.S V. MULDERIG, 120 F3d 354 (5th CIR 1997) THE STATE PROOF WAS BASED ON STACKED INFERENCES FROM WITNESS without PERSONAL KNOWLEDGE AND CONFLICTING EVIDENCE bY JANet M GReen, Who ALSO State She got TEANNIA IN JAN 2012 (R.R. III-17.

But KAYLEN (KAYLEN), TEANNIA HICKS SISTER CAME 9 MONTH LATER IN OCT 27, 2012 (R.R. III-18) MS. J. M. GReen, Felt COMPLAINANT, TEANNIA Hicks HAD been LIVING IN her home FOR SIX MONTH, (RR. III-19), (RR.III-20) SHE CLAIMS The COMPLAINANT would PLAY WITH Some UNKNOWN TOYS between her LEGS, THAT WAS Not Admitted INTO EVIDENCE, NOR WAS APPELLANT GIVEN NOTICE OF THAT UNLAWFUL HEARSAY OF TEANNIA LIKED to PLAY WITH TOYS

which were usually hard objects, as to mastirbate. When Kaylen came to live with them. See RR. 111-17 Kaylen came around Oct 27, 2012. Ms. Green claims she noticed similar behavior (RR. 111-20 Due to said hearsay behavior, These statements was only inflame the Jury!

The Conflict is the Date Jan 2012, she got the suppose victim, Teannia Hicks, But After The Sister, Kaylen Hicks was placed in Oct 2012, Due to the behavior, "Similar" noticed by J Green, That is when she claim she tooks, The victim, Teannia Hicks to the CPS, And the Children's Assessment Center in Jan 2012,

That would be impossible, For J Green to Notice! Was After The fact, Kaylen Hicks Did Not get placed intil Oct 2012, 9 months Later! But then she claim she placed the Complainant in Therapy in march of 2012, which would be before this behavior she notice, (RR. 111-20). her Story is a Conflict.

Legal and Factual
Sufficiency
In This Case, The evidence is Factually insufficient. There is absolutky no medical, no physical, or forensic scientific evidence

THERE IS NO ONE WITH PERSONAL FACTS, NO DATE OF OFFENSE. IT IS UNDISPUTED THAT THE VICTIM, MY DAUGHTER, STATE THAT DID NOT HAPPEN! THIS IS A FABRICATED CASE, MADE BY THE STATE OF TEXAS, IN PART BECAUSE I GET A DISABILITY CHECK! TO STOP THAT PETITIONER UNLAWFULLY CHARGED, WITH NO DATE OF OFFENSE, WITH AN ATTORNEY, WHO REFUSE TO INVESTIGATE THE CASE, ARE PROVIDE APPELLANT WITH THE RECORD ON APPEAL.

SEE WILLIAMS V STATE, 235 S.W.3d 742,750 (TEX. CRIM. APP. 2007) CITING JACKSON V. VIRGINIA, 443 U.S. 307, 318-19, 99 S.Ct. 2781, 2788-89 (1979)

THE COURT OF CRIMINAL APPEALS DUTY REQUIRES US TO "ENSURE THAT THE EVIDENCE PRESENTED ACTUALLY SUPPORTS A CONCLUSION THAT THE DEFENDANT COMMITTED" THE CRIMINAL OFFENSE OF WHICH HE IS ACCUSED

BY AND UNLAWFUL POLICY, CUSTOM, PRACTICE, THE STATE MADE UP A FALSE CASE, THEY CAN'T EVEN ALLEGE A DATE, TIME OF OFFENSE, ARE A CRIME SCENE,

THE VERDICT MUST BE SET ASIDE. THE PROOF IS AGAINST THE GREAT WEIGHT AND PREPONDERANCE OF THE FALSE MADE UP OFFENSE, BY THE STATE, D.A. THE VERDICT IS "CLEARLY WRONG AND MANIFESTLY UNJUST"

THE EVIDENCE IS LEGALLY INSUFFICIENT, AND FACTUALLY

INSUFFICIENT. MARSHALL V. STATE, 210 S.W.3d 618,
WATSON, 204 S.W.3d At 414, 416-17

IN FRONT OF THE JURY, TEANNIA HICKS STATED the
FABRICATED SEXUAL ASSAULT DID Not HAPPEN ERIN
EPLEY TRYED to LEAD Her to STATE IT HAPPEN, WHEN the
EVIDENCE Show, No offense happen At No TIME,

Yet, THE FABRICATED OUT CRY, PRESENTED by 3Rd PARTY,
WITH No PERSONAL FACTS.
U.S.V. JONES, 713 F3d 336 (2013)

PROSECUTORIAL Conduct
AS PART OF ERIN EPLEY UNLAWFUL CUSTOM, PRATICES
POLICY, TO UNLAWFUL CONVICT ON A FALSE CHARGE,
PROMOTED by THE JUDGE DENISE BRADLEY, to
INFLAM THE JURY, To get A UNLAWFUL CONVICTION,
She Committed PROSECUTOR MISCONDUCT bY CRYING
IN FRONT OF THE JURY, TO INFLUENCE the JURY IN
THE STATES FAVOR, BERGER V UNITED STATES, 295 U.S.
78, 88, 79 L.Ed 1314, 55 S.Ct 629 (1935), HER ACTION
CALCULATED TO deLiBERATELY PROFOUNDLY IMPRESS,
AND INFLAME THE JURY, DONNELLY V DeCHRISTOFORE,
416 U.S. 637, 646, 94 S.Ct 1868,

THIS PROSECUTOR KNEW THE OUT CRY WAS
HEAR SAY bY A 3Rd PARTY IN VIOLATION OF C.C.P. ART.

38.072, REYES V. STATE 274 S.W.2d 724, 727 (2008) HAYDEN V. STATE 928 S.W.2d 229, 230-31 (1996) HERE VICTIM, TEANNIA HICKS STATE THE ABUSE DID NOT HAPPEN. THE STATE CAN'T ALLEGE WHEN, WHERE IT HAPPEN, THEN IN VIOLATION OF C.C.P. ART 38.37, WITHOUT NOTICE, THE STATE ENTER OTHER EXTRANEOUS OFFENSES BAD ACTS OF ABUSE ON BOTH MY STEP SON, AND MY KAYLEN HICKS AND MY SON D'ANTEY JOHNSON that WAS UNFAIRLY PREJUDICIAL AND ALSO INVITED THE JURY TO CONVICT APPELLANT ON AN IMPROPER BASIS. PAWLAK V. STATE 420 S.W.3d 807, 811 (TEX CRIM. APP. 2013), THEN APPELLANT WAS AMBUSHED. NO NOTICE BY THE STATE ARE MY ATTORNEY, WHO FAILED TO INVESTIGATE THE CASE, NANCE V. STATE. 946 S.W.2d 490, VIOLATED RULE 404(b).

### INEFFECTIVE ASSISTANCE

MR. KENNETH MCCOY WAS INEFFECTIVE FOR NOT INVESTIGATING the CASE, NOT telling APPELLANT, THE STATE WITNESS, would INTERJECT A PRIOR SEXUAL Conduct, APPELLANT Never CHARGED, ARE ARRESTED FOR! ARE OBJECT, TO THE FACT, BY A UNLAWFUL POLICY, CUSTOM, PRACTICE, BECAUSE I AM A bLACK MAN that RECEIVED A SSI Check, EACH MONTH, TO PREVENT THAT, THE STATE OF TEXAS, CONSPIRED

To set Appellant up with a false charge, issue Appellant a attorney, who failed to investigate the facts of the case, McMann V. Richardson 397 U.S. 759, 771, N.14, 90 S.ct. 1441, 1449, N.14, 25 L.Ed. 2d 763 (1970), Cuyler V. Sullivan 446 U.S. 335, 64 L.Ed. 2d 333, 100 S.Ct. 1708 (1980, United States V. Agurs, 427 U.S. At 104, 112-113, 96 S.ct. At 2397, 2401 Davis V. Alabama 596 F.2d 1214, 1221 (1979), Washington V. Murray 952 F.2d 1472, Refuse to investigate are call The Doctor who did the Examination of the Victim, Teannia Hicks, nor The date her Exam was, by who, Forensic tests, Dorsey V. Irvin, 56 F.3d 425, also Dorsey V. Kelly, 112 F3d 50, Holsomback V. White 133 F3d 1382, Kenneth McCoy Conducted no investigation into the significance of The Lack of medical evidence That Teannia Hicks had been sexually abused by Appellant At any Time, Gersten V. Senkowski, 426 F.3d 588

Then by another unlawful Policy, Practice, Custom, with Erin Ephey, in violation of my 4th, 5th, 6th, 14th Amendments, Tex. Const. Art.1 Sec. 9, 10, and 19, Self-Incrimination, Through the State of Texas, Officers under The

Filed Dec 04, 2015, 8 of 15

THE COLOR OF LAW. At the UNLAWFUL TRIAL. DURING the Lunch bReak, with out Notice. MY Right to Counsel. OFFICERS OF THE STATE. PhotoGRAPhed APPELLANT hand. SEE APPELLANT FIRST AMENDED BRIEF by APPellant. ThRough MichAEL P. Fosher At PAGES 10-11, CRR.111-131, THEREFORE, ERIN EPLEY PROSecutoR bECAME AN AdvocAte. INVESTIGATOR by ordering JASON Kelley, A detective. At the TRIAL, DURING Lunch bReak, TO TAKE PictuRes OF APPellant Right Hand! MR. K. McCoy REfuSe to obJect TO ThAt UNLAWFUL EVidENCE PLAced within The EVidENCE, C.C.P 38.23, Then the State would ChAim LEgAL SuFFICIeNCY OF THE evidENCE, See williAms V. StAte SUPRA, wAtSON V. STATE, SUPRA,

Due ThAt UNLAWFUL PolicY Custom, DEPRIVEd APPELLANT OF A FAIR TRIAL,

MARShAll V. STATE, It IS "The VERY NAtuRe OF A FActuAL-SuFFICIENCY ReView that AuthoRizes AN APPellate Court, To Act IN the CAPACITY OF A So- CALLEd "thiRteenth JURoR!

ERIN EPLEY IS a StAte PRoSeCutoR, Not oF A ORdINARY PARtY to A ConTROVERSY, but oF A SoveReignty whose obligAtion to govern ImPARtiAlly IS AS ComPelling AS its obligAtion to govern At All. BERgeR V.

UNITED STATES, SUPRA, MILLER V. Pate 386 U.S. 21 17 L.Ed. 2d 690, 87 S.Ct. 785 (1967), APPELLANT WAS SET UP, KNOWING USE OF FALSE EVIDENCE, MOONEY V. HOLOHAN, 294 U.S. 103, 55 S.Ct. 340, 79 L.Ed 791 U.S V. MILES, 207 F3d 988 (2000)

SEE APPELLANT'S FIRST AMENDED BRIEF FOR APPELLANT by michael P. Fosher, 440 LOUISIANA St. Suite 1200 Houston, TX 77002 713 221-1816 (RR. 111.54, 55, 56, 57-61)

THE AMENDED BRIEF IS ~~is~~ SIGNED by MR. M.P. Fosher, APPELLANT RECEIVED THROUGH TDCJ-MAILROOM, SIGNED Feb 03, 2015 by Fosher!

SEE PAGE 2-5, why THE STATE OF TEXAS, OFFICERS UNDER Color of LAW, USED BOTH STATE WITNESSES JANET MARIE Green, AND Pamela Richardson To INTERJECT FABRICATED NON PERSONAL KNOWledge OF HEARSAY, DURNING THIS TRIAL THAT ERIN EPLEY KNEW WAS KNOWINGLY USE OF FALSE TESTIMONY, by BOTH WITNESS to A Crime they Did Not See, Hear, Are tell ANY PERSON, when the OFFENSE EVER HAPPEN, THERE IS NO EVIDENCE, All ENTIRELY Stacked INFERENCES, U.S.V. Ruiz 105 F3d 1492, U.S.V. MULDER I G, SUPRA, U.S.V. MILES, 207 F3d 988,

Filed Dec 04 2015 Pm 10 0F 15

HERE, At the trial, ERIN EPLEY ORDERED MR. JASON KELLEY, WithOut NOtice, TAKE PICTURES OF APPELLANT HAND, IN Violation OF MY of MY 6th, 14th U.S. Const. EVIDENCE IS UNFAIRLY "PreJudicial" IF it Will INDUCE the JURY to deCIde the CASE ON AN IMPROPER bASIS Rather than on the EVIDENCE PRESENTED. id. 207 F3d 988, SEE U.S. V. VELARDE-GOMEZ 269 F3d 1023, HALSEY V PFEIFFER, 750 F3d 273 (2014)

IN THIS CASE, THE RECORD bEEN FABRICATED. SEE THE FIRST AMEND brief bY MICHAEL P. FOSHER. SEE FALSE TESTIMONY both STATE WITNESSES, JANet GREEN AND PAMELA RIchARdSON PAGE 2-6, THEN PAGES 10. TESTIMONY bY J. KELLEY At PAGE 11, HE StAted. RRR. III-129-132, J. KELLEY ChAIMED the PROSeCutOR TOLD Him to TAKE THE PICTURE OF APPELLANT HAND, (That WAS entered into RECORD)!!!

IT CAN'T bE disPuted. THAT APPELLANT'S 4th, 6th, 5th, 14th U.S. CoNSt. AND TEXAS CONSt. RIghtS violated. EQUAL PROtECTION of THE LAW. TEX. CoNSt ART. I, SEC. 8, 9, 10, AND 19. THE ACCUSED ShAll NOT bE COMPelled to GIVE EVIDENCE AGAINST HimSelF, NOR bE dePRIVED OF LIFE, LIbERTY, PROPerty, WithOut dUE PROCESS OF LAW! HERE, it CANNOt bE disPuted. THAT ERIN EPLEY, StEPPED OUt SIDE HER

PROSECUTOR ROLE, INTO THAT OF ADVOCATE OF THE SAME CASE SHE WAS UNLAWFULLY CONDUCTING LEGAL ACTION AGAINST IN THE 262 ND JUDICIAL DISTRICT COURT, CAUSE NO. 1373854!

THE COURT OF CRIMINAL APPEAL'S, IN NO. 14-14-00263-CR, OVER LOOKED THE VIOLATION OF PROSECUTOR MISCONDUCT, WHEN ERIN EPLEY, ORDERED, A AGENT, UNDER THE COLOR OF LAW, AT TRIAL, TO TAKE A PICTURE OF APPELLANT HAND, WITHOUT HIS ATTORNEY MR. KENNETH MCCOY, WHO BY UNLAWFUL POLICY, CUSTOM, BY CONSPIRACY, REFUSED TO INVESTIGATE, AND TO OBJECT TO SAID PICTURE, BEING UNLAWFULLY ENTERED INTO THE TRIAL COURT RECORD, TO BE UNLAWFULLY USED BY THE APPEAL COURT TO DENY THE APPEAL, AND THE PDR, TO BE USED IN A REVIEW OF EITHER LEGAL ARE FACTUAL SUFFICIENCY REVIEW.

THIS EVIDENCE WAS USED AT THE INNOCENT STAGE, PUTTING ON THE SCREEN IN FRONT OF THE JURY, PLACED WITHIN THE RECORD, TO BE CONSIDERED WATSON. 204 S.W. 3d AT 414, 416-17, THE STATE KNEW THIS ADDED EVIDENCE, WHICH IS UNLAWFUL, WILL STILL BE REVIEWED! IT WAS MANIFESTLY UNJUST,

IN THE CASE, PROSECUTOR ERIN EPLEY KNEW HER CASE WAS OBVIOUSLY WEAK! She ORDERED MR MARK MCKELVANEY, A DEPUTY WITH HARRIS COUNTY SHERIFF'S OFFICE, TO TAKE THE PICTURE OF APPELLANT Hand At the Lunch bREAK!

## FABRICATED RECORD

AS STATE ABOVE, THE RECORD Show THAT, MR. JASON KELLEY, A DETECTIVE WITH BAYTOWN POLICE DEPT. WAS ORDERED BY PROSECUTOR ERIN EPLEY TO TAKE THE PICTURE OF APPELLANT HAND, DURNING THE LUNCH bREAK. SEE FIRST AMENDED BRIEF, BY MR. M.P. FO SHER. SIGNED Feb 03, 2015, RECEIVED At PRISON TDCJ-ID MAIL ROOM. See PAGES 8-11, AtC RR. III-96-132!

WHY WOULD MR. JASON KELLEY STATE HE WAS ORDERED TO TAKE THE PICTURE! WHEN IN FACT, It WAS MR. MARK McKELVANEY, It CAN NOT BE disPuted THAT, ERIN EPLEY, ORDERED A STATE AGENT, Wheather MR J. KELLEY, ARE MR. MARK McKELVANEY, THE FALSE EVIDENCE WAS USED DURNING THE INNOCENT STAGE OF THE TRIAL, A VIOLATION OF MY 4th, 5th, 6th, 14th U.S. CONSt. ComPELLED to bE, GIVE EVIDENCE AGAINST

against himself at trial.

The MANIFESTLY UNREASONABLNESS IS the Fact. The RECORD HAS bEEN ChANGED to REFLECT THAT JASON KELLEY TOOK THE PICTURE. WHEN IN Fact MARK McKELVANEY WAS THE ONE ORdered TO TAKE THE Picture. by THE STATE PROSECUTOR, ERIN EPLEY, At the TRIAL! "without A WARRANT"

Which MEAN, THAT'S WHY ERIN EPLEY, STARTED CRYING IN FRONT OF THE JURY, SO, MR. KENNeth McCoy would ASK FOR A BREAK DUE TO THE Act OF PROSECUTOR ERIN EPLEY CRYING IN FRONT OF THE JURY, which, DENISE BRADLEY GRANTED, SEE APPELLANT'S FIRST AMENDED BRIEF At PAGES 18-19, (RR. IV-83-80 90).

DURNING THIS bREAK, WAS WHEN MR. MARK McKELVANEY TOOK THE PICTURE OF APPellant HAND, ALSO USED UNFAIRLY, to COINCIDE with the with the ALREADY PRESENTED FABRICATED EVIDENCE OF Both JANEt MARIE GReen ANd PameLA RICHARdSON, (RR III-55-69)

U.S.V. MILES, SUPRA, U.S.V. GARCIA-MORALES, 382 F3d 12, U.S.V. CORMEIER 617 F3d 417, U.S.V. SEDLAGHATY 728 F3d 885 (2013). U.S.V. GOODALE 738 F3d 917. HALSEY V. PFEIFFER,

14 OF 15

A POLICE OFFICER'S FABRICATION AND FORWARDING to PROSECUTORS OF KNOWN FALSE EVIDENCE WORKS AN UNACCEPTABLE CORRUPTION OF THE TRUTH SEEKING FUNCTION OF THE TRIAL PROCESS. U.S. V. STAR gell 725 F3d 1015 (2013), THE ATTORNEY'S KENNETH McCOY, KNEW THEY HAD NO SEARCH WARRANT to TAKE PICTURES OF MY HAND, AT TRIAL ALEMAN V. VILLAGE OF HANOVER PARK, 662 F3d 897. U.S. V. BAISDEN 713 F3d 450 (2013) Weatherford V. BURSEY, 429 U.S. 545, 97 S.Ct. 837. APPELLANT MOTION FOR MISTRIAL Should HAVE Been GRANTED U.S. V. Sterba 22 F. SUPP. 1333, 1340, 1343 (1998)

FOR THE ERRORS, HEAR APPELLANT HICKS CAN'T READ AND WRITE, NOR WAS THE REPORTER'S RECORD ISSUE TO MR. HICKS THAT WILL AIDE IN POST CONVICTION PROCEEDINGS. THE PICTURE, ALL EVIDENCE BY STATE WITNESSES Should BE STRICKEN FROM THE RECORD PINISON V. STATE 778 S.W. 2d 91, MILES V. STATE 61 S.W. 3d 682!

THIS REHEARING WAS PREPARED BY JAMES E. Loften FOR MR. HICKS, PLACED IN PRISON MAIL ON THIS 04th DAY OF DEC 2015, THE Above TRUE AND CORRECT UNDER PENALTY OF PERJURY 28 USC. 1746, Address TO AbeL ACOSTA 201 West 14th St. Rm 106, AUSTIN TX          Leonard Hicks

Leonard Kucko # 1967777
2665 Prison Road #1
Loxelady, Texas 75851
Dorm 5-40

MAiled Dec 04, 2015 PM
Keep ENVElOpE APARt
Of REColRd

SUPReme ColRT BuilDiNG
201 W WEST 14th St. Room 106
AUStiN, TEXAS 78701

DEC 14 2015
IN SUPREME COURT

NORTH TEXAS P&DC
DEC 7

FOREVER USA
2015
FOREVER